ELECTRONICALLY FILED
Pope County Circuit Court
Rachel Oertling, Circuit Clerk
2021-Sep-27 16:53:15
58CV-21-408
C05D04 : 6 Pages

# IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS
## CIVIL DIVISION

**ELIZABETH BRYAN AND FELIX BRYAN**                    **PLAINTIFFS**

vs.                              **60CV-18-8153**

**JON SANFORD, INDIVIDUALLY**
**AND JON SANFORD, P.A.**                              **DEFENDANTS**

## COMPLAINT

Come now the PLAINTIFFS, Elizabeth, and Felix Bryan, by and through their counsel of record, H.C "Jay" Martin and Valerie L. Goudie of Wallace, Martin, Duke and Russell, PLLC. and represent unto this Honorable Court as follows:

## JURISDICTION

1. The Plaintiffs are over the age of eighteen years and reside in Pope County, Arkansas.

2. The Defendant is over the age of eighteen years, is a licensed attorney who is able to practice law within the State of Arkansas.

3. The Defendant, Jon Sanford, P.A. is a professional association operating in Russellville, Arkansas and is a legal entity in good standing with the Arkansas Secretary of State.

4. The acts complained of occurred within Pope County, Arkansas.

5. The Amount in Controversy exceeds the minimum requirements of the Court.

## CAUSE OF ACTION AGAINST THE DEFENDANT, JON SANFORD

1. The Plaintiffs sought legal assistance from the Defendants, Jon Sanford, and Jon Sanford, P.A. to prepare and prosecute an adoption petition.

2. The Defendant, Jon Sanford, was, at all times herein, acting as an employee of Jon Sanford, P.A. The Defendants represented the Plaintiffs from September of 2018 through February of 2020.

3. The Plaintiffs provided the Defendants with information regarding both parents that would have negated the need for the consent as required by A.C.A. §9-9-206.

4. The Defendant, Jon Sanford, prepared the adoption petition alleging that the father's consent was not required because he failed to provide for the care and support of the child as required by law *and* judicial decree. (See Exhibit A attached hereto) The Father was not under a judicial decree to support the child as he was not even the legal father at the time.

5. The Defendant failed to list that the father had failed without justifiable cause to communicate with the child. The Petition further failed to allege that the father, who was not the legal father when the adoption petition was filed, was a putative father based on the statute and that he had failed to establish a

significant custodial, personal, or financial relationship with the juvenile prior to the time the petition for adoption was filed.

6. During the trial of the matter in September of 2019 the sole argument made by the Defendant, Jon Sanford, was that the father had failed to provide for the financial support of the minor child.

7. The Plaintiffs provided their counsel with a vast amount of evidence regarding the father's failure to provide for the care of the minor child in addition to evidence of the lack of financial support. They provided counsel with proof that the father had been in contempt of court for failure to pay child support for another child (a fact that was later denied by the father and his ex-wife during the trial).

8. The Defendant's failure to present the evidence showing the inconsistencies with the father's testimony permitted the trial court to determine the credibility of a witness whose testimony should have been called into question and would have allowed the Court to find in favor of the Plaintiffs at the adoption.

9. The Court found that the father's consent was required. The father refused to consent. The Defendant, Jon Sanford, failed to exercise reasonable diligence and skill when he failed to argue that the father was unreasonably withholding that consent and that the consent would be in the best interests of the child as set forth in A.C.A. §9-9-220(c)(3).

10. The Defendant, Jon Sanford, failed to exercise the reasonable diligence and skill ordinarily used by attorneys acting in the same or similar circumstances when preparing the adoption petition, preparing for trial and his representation of the Plaintiffs at the trial of this matter. In fact, when preparing for trial, the Defendant, Jon Sanford, asked the Plaintiffs to meet with him to prepare for testifying in Court. When they met with him, he told them that he couldn't find their file, but he would be ready for Court. The Defendant also told the Plaintiffs that if the father didn't have receipts for any support payments, they would prevail.

11. Had the Defendant exercised reasonable diligence and skill by attorneys acting in the same or similar circumstances, he would have listed all grounds as to why the father's consent was unnecessary and properly prepared the evidence for every ground. He would have also argued that, if the father's consent was necessary, that he was unreasonably withholding the same.

12. Had the Defendant exercised reasonable diligence and skill by attorneys acting in the same or similar circumstances, he would have discredited the statements of the father by introducing evidence showing that he had lied under oath.

13. Had the Defendant exercised reasonable diligence and skill by attorneys acting in the same or similar circumstances, he would have called the

Respondent, Victoria Bryan, to testify regarding the alleged payments of support, the father's drug use and the father's violence toward her as evidence that the father's consent was not required, that his consent was being unreasonably withheld, and that he was unfit to parent the child. Instead, he told the mother, Victoria Bryan, that she did not need to appear and then attempted to take a Default Judgment against her due to her failure to appear. He also told the Plaintiffs that he did not want to attack the father's character because it was not necessary.

14. As a direct and proximate result of the Defendant's negligence and failure to exercise the reasonable diligence ordinarily used by attorneys acting in the same or similar circumstances in the application of the Arkansas Adoption Code and at the trial of this matter, the Plaintiffs' petition was denied.

15. As a direct and proximate result of the Defendant's negligent actions, the Plaintiffs have incurred legal fees trying to ensure the safety and care of their granddaughter.

16. The Defendant, Jon Sanford, P.A. is the employer of Jon Sanford.

17. The Defendant, Jon Sanford, was acting within the line and scope of his employment with Jon Sanford, P.A. when he failed to exercise the reasonable diligence and skill ordinarily used by attorneys acting in the same or similar circumstances during his representations of the Plaintiff.

18.     The Defendant, Jon Sanford, P.A. is responsible for the negligence of its employee through vicarious liability who was, at all times, acting within the line and scope of his employment.

WHEREFORE, Premises Considered, the Plaintiffs pray that a judgment be entered against the Defendants, jointly and severally, for all legal damages available in an amount in excess of the jurisdictional limits of Federal Court in diversity of citizenship cases in an amount to be determined by a jury.

THE PLAINTIFFS DEMAND A TRIAL BY JURY IN THIS MATTER.

Respectfully Submitted

*/s/ H.C. "Jay" Martin*
H.C. Jay Martin (96136)

*/s/ Valerie L. Goudie*
Valerie L. Goudie (2012258)
**Attorneys for the Defendant**
**Wallace, Martin, Duke and Russell, PLLC.**
**212 Center Street, Suite 100**
**Little Rock, Arkansas 72201**
**(501) 375-5545**
**(501) 374-9515**
hcm@wallacelawfirm.com
vlg@wallacelawfirm.com

## IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS
## PROBATE DIVISION

IN THE MATTER OF THE ADOPTION OF
KAYA AGNES BRYAN, a female minor        NO. 58PR-2018- 210

FELIX E. BRYAN and
ELIZABETH H. BRYAN, his wife            PLAINTIFFS

v.

DAVID CHAD FINDLEY and
VICTORIA MAE    BRYAN
DEFENDANTS

FILED 2018 SEP 28 PM 1:03
LARA McGUIRE
POPE COUNTY CLERK

### PETITION FOR ADOPTION

COME FELIX E. BRYAN AND ELIZABETH H. BRYAN, his wife Petitioners herein, by their attorney, Jon R. Sanford of Jon R. Sanford, P. A., and petition this Court for leave to adopt the minor child described below; and, in support of their petition, respectfully show the Court the following:

1) The individual to be adopted was born on the 16th day of March, 2017, in Russellville, Pope County, Arkansas to a VICTORIA MAE BRYAN, a single woman who was a resident of Pope County, Arkansas. Venue is proper in this county. A copy of the Birth Certificate is attached hereto as **Exhibit A**.

2) The name to be used for the individual to be adopted is: KAYA AGNES BRYAN.

*In the Matter of the Adoption of Kaya Agnes Bryan*
*No. 58PR-2018-210*
*Petition for Adoption*
Add. 1  *Page 1 of 3*

06


PLAINTIFF'S EXHIBIT A

3

The Petitioners acquired custody of the person sought to be adopted on the 6th day of August, 2017, when the child sought to be adopted and her mother, the Separate Defendant, VICTORIA MAE BRYAN, the Petitioners' own daughter, came to live with them.

3) Your Petitioner, FELIX E. BRYAN is 58 years of age, resides at 605 South Utah Ave. in Russellville, Arkansas, and has so resided for three years. Your Petitioner, ELIZABETH H. BRYAN, is 57 years of age, resides at 605 South Utah Ave. in Russellville, Arkansas and has so resided for three years. Both Petitioners have resided in the State of Arkansas for that period of time.

4) The Petitioners are married to each other and were so married on June 4, 1994 in Meridian, Mississippi.

5) Your Petitioners have facilities and resources suitable to provide for the nurture and care of the minor to be adopted and each of them desires to establish the relationship of parent and child with said minor.

6) The minor sought to be adopted owns no property of any kind except her immediate clothing.

7) No consent of the parents of the child sought to be adopted is required because each of the natural parents has, for a period in excess of a year, failed significantly without justifiable cause . . .to provide for the care and support of the child as required by law and judicial decree.

8) The written health history and genetic and social history presumptively required by Arkansas Code Annotated 9-9-212(g)(1) (A) - (D) should be waived by the Court under Arkansas Code Annotated 9-9-212(g)(2)(C)]

4

WHEREFORE, Petitioners, FELIX E. BRYAN and ELIZABETH H. BRYAN, his wife, pray that this Court enter a Decree of Adoption.

Respectfully submitted,

FELIX E. BRYAN and
ELIZABETH H. BRYAN, his wife

BY: _____
JON R. SANFORD
Attorney at Law
Jon R. Sanford, P. A.
P. O. Box 336
Russellville, AR 72811
Phone: 479-968-5400
AR Bar #: 70063

## VERIFICATION

I, FELIX E. BRYAN, a Petitioner, herein, do hereby state under oath that the allegations set forth in the foregoing Petition for Adoption are true and correct to the best of my knowledge and belief.

_____
FELIX E. BRYAN

State of ARKANSAS }
                  } ss
County of POPE    }

SUBSCRIBED AND SWORN to before me this 19th day of September, 2018

```
RACHEL S. HAMPTON
Notary Public-Arkansas
Pope County
My Commission Expires 10-22-2022
Commission # 12390498
```

_____
Notary Public

My commission expires:

*In the Matter of the Adoption of Kaya Agnes Bryan*
*No. 58PR-2018-270*
*Petition for Adoption*
Add. 3   *Page 3 of 3*

08

4